E-FILED
Friday, 06 June, 2008  03:35:24 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-10089 |
| ) | |
| CHARLES WOODS, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

On May 23, 2008, Defendant filed a Motion to Reduce Sentence [#88] based on the retroactive Amendment to the sentencing guideline range regarding crack cocaine sentencing.  The Court appointed the Federal Defender's Office to represent Defendant in this matter.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline"  U.S.S.G. § 1B1.10 comment. n. [1(A)].

The Defendant was sentenced by this Court on June 29, 2001 to a sentence of 360 months. At sentencing the Defendant was held responsible for more than 1.4 kilograms of crack cocaine for a Base Offense Level of 36 and a Total Offense Level of 38. He was also found to be a Career Offender with a Career Offender Offense Level of 37. The Career Offender Guideline however was not used at the original sentencing because the Career Offender Offense Level was lower than the Level determined by the drug weight in this case. If the Defendant's Total Offense Level were now lowered to 36 this would still not have the effect of lowering his sentence because the Career Offender Guideline Level of 37 is now higher than the Level determined by the weight of the drugs, and it must now be used to determine the Defendant's guideline range.

Therefore, the Deputy Federal Defender's Motion to Withdraw as Counsel [Doc. #90] is GRANTED. Defendant is allowed to pursue this matter *pro se.*

Defendant shall file with this Court no later than June 30, 2008, a pleading that either (a) concedes that the Amendment does not apply because of a Career Offender Total Offense Level of 37, or (b) explains why the Amendment applies in spite of a Career Offender Total Offense Level of 37.

ENTERED this 6th day of June, 2008

    s/ Michael M. Mihm
    MICHAEL M. MIHM
    United States District Judge