### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 00-10089 |
| CHARLES WOODS, | ) |
| Defendant. | ) |

### ORDER

On June 30, 2008, Defendant filed a Motion to Reduce Sentence [#93] based on the retroactive Amendment to the sentencing guideline range regarding crack cocaine sentencing. The Federal Defender's Office was appointed to represent Defendant in this matter, but subsequently was allowed to withdraw after concluding that Defendant is ineligible for the reduction because the Career Offender guideline is now the determinate guideline for sentencing. Defendant was then given 28 days to file a pleading that either (a) conceded that the Amendment does not apply, or (b) explained why the Amendment applies in spite of the sentence to the Career Offender Guideline. Defendant has now filed his response, and this Order follows.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission

> pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 comment n. [1(A)].

The Defendant was sentenced by this Court on June 29, 2001 to a sentence of 360 months. At sentencing the Defendant was held responsible for more than 1.4 kilograms of crack cocaine for a Base Offense Level of 36 and a Total Offense Level of 38. He was also found to be a Career Offender with a Career Offender Offense Level of 37. The Career Offender Guideline however was not used at the original sentencing because the Career Offender Offense Level was lower than the Level determined by the drug weight in this case. If the Defendant's Total Offense Level were now lowered to 36 this would still not have the effect of lowering his sentence because the Career Offender Guideline Level of 37 is now higher than the Level determined by the weight of the drugs, and it must now be used to determine the Defendant's guideline range.

In his response, Defendant does not attempt to dispute that the Career Offender guideline is now the determinate guideline for sentencing. Resentencings pursuant to the retroactive amendment to the guideline range for crack cocaine were not intended to reopen a Defendant's ability to challenge a variety of other sentencing issues not

related to the crack cocaine amendment.

Here, the amendment would not have the effect of lowering Defendant's applicable guideline range because the Career Offender Guideline now takes precedent and accordingly, the Court cannot impose a sentence lower than the sentence that he originally received under the circumstances of this case. His Motion to Reduce Sentence [#93] is therefore DENIED.

ENTERED this 4th day of August, 2008.

                                            s/ Michael M. Mihm  
                                              Michael M. Mihm  
                                        United States District Judge